UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HOMAR GALARZA LUNA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BAKER, *et al.*,<br><br>Respondents. | Case No. 3:17-cv-00565-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

**I.    BACKGROUND**

Petitioner Homar Galarza Luna challenges his Nevada state judgment of conviction, pursuant to a guilty plea, of battery with the intent to commit sexual assault. The Supreme Court of Nevada affirmed the conviction on September 18, 2013, in No. 61990 in that court. (ECF No. 1-1 at 14-15.) The online docket of the state supreme court reflects that no petitions for rehearing were filed thereafter.[1] The ninety-day time period for filing a *certiorari* petition in the United States Supreme Court accordingly expired on December 17, 2013.

---

[1] The Court takes judicial notice of the online docket records of the state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket may be accessed from: https://nvcourts.gov/Supreme/.

More than two years later, on February 22, 2016, Luna filed a petition in the state district court that the Supreme Court of Nevada ultimately treated as a combined post-conviction petition and motion to correct illegal sentence. The state supreme court held that the post-conviction petition was untimely, but the court addressed the motion to correct illegal sentence on the merits. The order of affirmance in that case (No. 71507) was filed in the state supreme court on June 15, 2107. (ECF No. 1-1 at 19-22.) The remittitur issued on July 14, 2017.

Approximately two months thereafter, on or about September 11, 2017, Luna dispatched the federal petition to the Clerk of this Court for filing. (ECF No. 1-1 at 1.)

## II. DISCUSSION

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, absent a basis for tolling or delayed accrual, the federal limitation period therefore began running after the December 17, 2013, expiration of the time to file a *certiorari* petition. Accordingly, absent a basis for tolling or delayed accrual, the federal one-year limitation period expired one year later on December 17, 2014.

Petitioner's motion to correct illegal sentence potentially could statutorily toll the running of the limitation period under 28 U.S.C. § 2244(d)(2) from February 22, 2016, through July 14, 2017. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). However, the February 22, 2016, motion was not filed until more than a year after the putative expiration of the federal limitation period on December 17, 2014. Statutory tolling cannot render a federal petition timely if the statutory tolling event did not occur until after the limitation period already had expired. Petitioner therefore must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

///

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Castro*, 292 F.3d at 1065. Petitioner accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); a*ccord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date — which is referred to as delayed accrual — or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[2]

---

[2]Subparagraph (d) of § 2244 provides in full:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*(fn. cont…)*

3

The federal petition accordingly will be untimely unless petitioner demonstrates a viable basis for tolling and/or delayed accrual during the period from December 17, 2013, to February 22, 2016 that either stops or delays the running of the limitation period for a sufficient period of time to render the federal petition timely. Petitioner additionally potentially may need to demonstrate a basis for tolling and/or delayed accrual also during the period from July 14, 2017, to September 11, 2017, in order to render the federal petition timely — depending on the extent, if any, to which he establishes tolling and/or delayed accrual for the earlier period from December 17, 2013, to February 22, 2016.

Additionally, petitioner is informed that if an amended or corrected judgment of conviction was filed in the state district court, the federal limitation period instead may begin to run subsequent to the date of the amended or corrected judgment of conviction. *See Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017).

Finally, petitioner is informed that, if he seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, potentially as to all charges pending against him prior to his plea. *See McQuiggin v. Perkins*, 568 U.S. 977 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (*en banc*).

### III. CONCLUSION

It is therefore ordered that, with the filing fee having been paid, the Clerk of Court file the petition.

---

*(…fn. cont.)*
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

4

It is further ordered that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

It is further ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely, including, but not limited to, any copies of any additional papers, judgments and/or orders filed in the state courts which he maintains would render the federal petition timely. Unsupported assertions of fact will be disregarded.

DATED THIS 4th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE