UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HOMAR GALARZA LUNA,<br><br>Petitioner,<br>v.<br><br>WARDEN BAKER, *et al.*,<br><br>Respondents. | Case No. 3:17-cv-00565-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a pending *sua sponte* inquiry as to whether the Petition is subject to dismissal as untimely. This Order follows upon a prior show-cause order and Petitioner's response thereto. (ECF Nos. 6, 8.)

I. **BACKGROUND**

Petitioner Homar Galarza Luna challenges his Nevada state judgment of conviction, pursuant to a guilty plea, of battery with the intent to commit sexual assault. The Supreme Court of Nevada affirmed the conviction on September 18, 2013, in No. 61990 in that court. (ECF No. 1-1 at 14-15.) The online docket of the state supreme court reflects that no petitions for rehearing were filed thereafter.[1] The ninety-day time period for filing a *certiorari* petition in the United States Supreme Court accordingly expired on December 17, 2013.

---

[1] The Court has taken judicial notice of the online dockets of the state appellate courts. *E.g., Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket may be accessed from: https://nvcourts.gov/Supreme/.

More than two years later, on February 22, 2016, Luna filed a petition in the state district court that the Supreme Court of Nevada ultimately treated as a combined post-conviction petition and motion to correct illegal sentence. The state supreme court held that the post-conviction petition was untimely, but the court addressed the motion to correct illegal sentence on the merits. The order of affirmance in No. 71507 in the state supreme court was filed on June 15, 2107. (*Id.* at 19-22.) The remittitur issued on July 14, 2017.

Approximately two months thereafter, on or about September 11, 2017, Luna dispatched the federal petition to the Clerk of this Court for filing. (*Id.* at 1.)

## II. DISCUSSION

### A. Base Calculation of the Federal Limitation Period

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, absent a basis for tolling or delayed accrual, the federal limitation period therefore began running after the December 17, 2013 expiration of the time to file a *certiorari* petition. Accordingly, absent a basis for tolling or delayed accrual, the federal one-year limitation period expired one year later on December 17, 2014.

Petitioner's motion to correct illegal sentence potentially could statutorily toll the running of the limitation period under 28 U.S.C. § 2244(d)(2) from February 22, 2016, through July 14, 2017. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). However, the February 22, 2016 motion was not filed until more than a year after the putative expiration of the federal limitation period on December 17, 2014. Statutory tolling cannot render a federal petition timely if the tolling event did not occur until after the limitation period already had expired. *E.g., Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). The September 11, 2017 federal petition therefore is untimely on its face.

Petitioner's arguments challenging the foregoing analysis are unpersuasive.

2

Petitioner urges, first, that it is his "understanding that since he is not challenging his current conviction nor asking to withdraw his plea agreement the one year limitation does not apply toward this current petition." (ECF No. 8 at 2.) Petitioner is incorrect. At the outset, a challenge to the sentence imposed by a state court judgment of conviction challenges provisions of that judgment and thus constitutes a collateral attack on the judgment of conviction. However, Petitioner's premise that he is not challenging either the underlying conviction or the validity of the plea in all events would not lead to a conclusion that the federal one-year limitation period does not apply. The one-year limitation period applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The application of § 2244(d)(1) turns upon "'a status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge." *See Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004) (quoting prior authority). Petitioner clearly is in custody pursuant to the judgment of a state court. The one-year limitation period in § 2244(d)(1) therefore applies to his habeas petition regardless of the target of his challenge.[2]

Petitioner next relies upon NRS § 176.555, which provides: "The court may correct an illegal sentence at any time." This Nevada statute applies to proceedings in Nevada state court, not federal court. Petitioner has filed a § 2254 habeas petition in federal court, and § 2244(d)(1) provides that he must file such a petition within the one-year limitation period established by that federal statute.

Petitioner further contends, without supporting case citation, that the Sixth Amendment guarantee of due process[3] prevents the application of the federal limitation period to his Petition. This argument is unpersuasive. There are two safeguards

---

[2] Petitioner's reliance upon *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004), is misplaced. *Ameline,* a federal criminal case, has nothing to do with the application of 28 U.S.C. § 2244(d)(1). The panel opinion upon which Petitioner relies—including the passage discussing finality of sentence upon which he apparently relies—further was withdrawn on rehearing. *See* 400 F.3d 646 (9th Cir. 2005).

[3] Petitioner perhaps is referring to the Due Process Clause of the Fifth Amendment.

3

pertaining to the application of the federal limitation period that cut against Petitioner's conclusory due process challenge to the statute. First, where a state impediment is involved, the limitation period will not run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 US.C. § 2244(d)(1)(B). Luna presents no specific factual argument supported by competent evidence establishing such an unconstitutional State-created impediment to his filing a timely federal petition.[4] Second, the Supreme Court has recognized an equitable exception to the federal time bar where the petitioner can establish a fundamental miscarriage of justice based upon his being actually factually innocent of the offense for which he stands convicted. *See McQuiggin v. Perkins*, 568 U.S. 977 (2013). This equitable exception further blunts the force of any due process challenge to an application of the statute. *See, e.g.*, *Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002). Luna presents no specific factual argument supported by competent evidence tending to establish such actual factual innocence, and the claims in his Petition all challenge his sentence rather than his underlying conviction.[5] The Court accordingly rejects Petitioner's conclusory due process challenge to the application of § 2244(d)(1). *See also Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (one-year limitation period does not *per* se violate the Suspension Clause).

Petitioner next maintains that: (1) he is subject to an immigration detainer "thereby attaching jurisdiction on petitioner and therefore absolving any time limitations" that would prevent Petitioner from challenging his conviction as a means to later argue against removal; (2) once his sentence "unconditionally and fully expires, federal courts have no

---

[4]The show-cause order quoted the entirety of § 2244(d) for Petitioner. The order further stated that "all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence." (ECF No. 6 at 3 n.2, 5.)

[5]The show-cause order further informed Petitioner of the existence of this equitable exception for actual factual innocence. (ECF No. 6 at 4.)

4

jurisdiction filed thereafter to challenge [the] legality of that conviction even if" the collateral consequences[6] of the conviction in the form of removal have materialized; and (3) given that Petitioner's sentence is 10 years to life, "his sentence never fully expires so the federal court will always have jurisdiction to review [his] petition." (ECF No. 8 at 2-4.)

There is no immigration exception to the one-year limitation period in § 2244(d)(1), and certainly not one that extends for a petitioner's lifetime. To challenge his state court conviction under § 2254, a petitioner must file his federal habeas petition within the one-year limitation period in § 2244(d)(1). If he fails to do so timely, he forfeits his ability to challenge the validity of his state court conviction under § 2254, without regard to whether or not that impacts any later immigration proceedings.[7]

The federal limitation period accordingly expired on December 17, 2014, unless petitioner can establish a basis for equitable tolling.

### B. Equitable Tolling

Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the

---

[6]Petitioner acknowledges that he was informed of the potential immigration consequences of his conviction at the time of his plea. (ECF No. 8 at 3.) He has raised no challenge to his underlying conviction, and he does not seek to withdraw his plea.

[7]The Court expresses no opinion, in any respect, as to any issue in any future immigration proceeding. The only issue before the Court at this time is whether Petitioner's § 2254 Petition is subject to dismissal for untimeliness.

lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); a*ccord Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner asserts as follows in his show-cause response, without support from a declaration under penalty of perjury or other competent evidence:

> Petitioner is illiterate, poorly educated and has difficulty in fully comprehending the English language. Has no understanding of the law or its procedures. Petitioner was recently made aware that he could legally challenge his sentence, the reason for this petition. The federal courts have recognized these issues in other prisoners through the doctrine of "Next Friend" petition.

(ECF No. 8 at 4.)

Under established law, a petitioner's lay status, confusion, or ignorance of the law does not establish extraordinary circumstances establishing a basis for equitable tolling of the federal limitation period. *See, e.g., Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009).

With regard to English language ability and illiteracy, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F3d 1065, 1070 (9th Cir. 2006); *see also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014).

Petitioner's conclusory assertion that he "is illiterate . . . and has difficulty in fully comprehending the English language" fails to carry his burden in this regard. The show-cause order informed Petitioner that all factual assertions "must be detailed, must be specific as to time and place, and must be supported by competent evidence." (ECF No. 6 at 5.) Petitioner previously filed papers in the state courts; and he has filed multiple papers herein, from the Petition through his show-cause response, in extensive and literate English. His filings in particular in this Court reflect the ability to communicate in

///
///

6

literate English at the very least with the resources available to him while incarcerated.[8] Petitioner's conclusory assertion that he is illiterate and has difficulty fully comprehending the English language fails to establish that "during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Petitioner has been given a full opportunity to present specific facts supporting a viable basis for equitable tolling, along with a clear admonition that he was required to do so. A nonspecific showing by a petitioner with the burden of proof on equitable tolling following such an opportunity is insufficient and does not give rise to an occasion for further factual inquiry. *See, e.g.*, *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace*, 544 U.S. at 418.

Petitioner's further assertion that "the reason for this petition" was that he "was recently made aware that he could legally challenge his sentence" suggests that ignorance of the law instead was the reason for the tardy filing. Petitioner's lay status and prior ignorance of supporting law again do not present a viable basis for equitable tolling.

Petitioner accordingly has failed to come forward with specific evidence presenting a viable basis for equitable tolling that would overcome the tardy filing of his federal petition nearly three years too late.

**III. CONCLUSION**

It is therefore ordered that the Petition will be dismissed with prejudice as untimely.

It is further ordered that a certificate of appealability is denied. Jurists of reason would not find it debatable whether the Court is correct in its procedural ruling dismissing the Petition as untimely on the showing made, for the reasons discussed herein.

It is further ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court will make informal electronic service upon Respondents by

---

[8]Neither the Petition nor any other filing herein reflects that it was prepared by another individual. (*See* ECF No. 7 at 9.)

adding Nevada Attorney General Adam P. Laxalt as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court will enter final judgment accordingly, in favor of Respondents and against Petitioner, dismissing this action with prejudice.

DATED THIS 21st day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE